ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPCECIAL

| | | |
|---|---|---|
| **PHALANX CAPITAL SERIES LLC SERIES 11**<br><br>Peticionario<br><br>v.<br><br>**JOEL ORTIZ RIVERA**<br><br>Recurrido | KLCE202301403 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **Fajardo**<br><br>Caso Núm.: **N3CI201600297**<br><br>Sobre: Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Ronda Del Toro y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 29 de agosto de 2024.

Comparece ante nos, mediante *Petición de Certiorari*, Phalanx Capital-Series LLC Series 11 (Phalanx o Peticionario) y nos solicita que revoquemos la *Resolución*[1] emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI). Mediante dicha determinación, el TPI permitió la comparecencia de la señora Grace Monge La Fosse y que ella ejerciera el derecho de retracto de crédito litigioso.

Por los fundamentos que discutiremos a continuación, expedimos el auto solicitado y revocamos la *Resolución* emitida.

### I.

El 22 de diciembre de 2004, el señor Joel Ortiz Rivera (Sr. Ortiz) otorgó, ante notario, un pagaré hipotecario a favor de Metro Island Mortgage, Inc. o a su orden, por la suma principal de

---

[1] Apéndice de la *Petición de Certiorari*, Anejo XVII, págs. 912-913. Notificada y archivada en autos el 22 de septiembre de 2023.

$142,300.00 más intereses anuales a razón de 4.5% sobre el balance adeudado.[2] En aseguramiento del pagaré, se constituyó ese mismo día una hipoteca voluntaria sobre el bien inmueble descrito a continuación:

> URBANA: Solar marcado con el número seis (6) Primera Fase de la Urbanización Mansiones de Hacienda Jiménez, localizado en el Barrio Jiménez de la Municipalidad de Río Grande, Puerto Rico, con una cabida superficial de quinientos noventa punto quinientos cinco metros cuadrados (590.505 m.c.), en lindes por el NORTE, en distancia de veintiocho punto ochenta y uno (28.81) metros lineales, con el Solar número cinco (5) de la Urbanización; por el SUR, en distancia de veintiuno punto cincuenta y ocho (21.58) metros lineales, con la Calle Flamboyán de la Urbanización; por el ESTE, en distancia de veinte punto ochenta (20.80) metros lineales, con la Calle Flamboyán de la Urbanización; y por el OESTE, en distancia de veinticuatro punto sesenta y siete (24.67) metros lineales, con el Solar número diez (10) de la Urbanización. Enclava una estructura de hormigón y bloques de hormigón tipo residencial diseñada para una sola familia.[3]

Dicha escritura fue presentada el 28 de enero de 2005 al Asiento 1,708 del Diario 222, en el Registro de la Propiedad Sección Tercera (III) de Carolina.

El 3 de junio de 2016, PRIH LLC, acreedor hipotecario, presentó una *Demanda* en contra del Sr. Ortiz, la señora Noemí Núñez Esquilín y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, Demandados) ante el TPI para ejecutar la hipoteca sobre el inmueble descrito.[4] Alegó que desde el 1 de enero de 2018, el Sr. Ortiz no pagaba su hipoteca, por lo que estaba en incumplimiento con los términos de la misma.

El 19 de diciembre de 2016, comparecieron los Demandados y presentaron una *Contestación a Demanda y Reconvención.*[5] En esencia, arguyeron que PRIH LLC no era el tenedor del pagaré al que su antecesor había vendido, cobrado el pagaré y que el mismo fue

---

[2] *Íd.*, Anejo I, págs. 4-5.
[3] *Íd.*, pág. 2.
[4] *Íd.*, págs. 1-5.
[5] *Íd.*, Anejo III, págs. 13-100.

pagado por un inversionista del Mercado Secundario de Hipotecas. Asimismo, alegó que el pagaré era inexistente al haber perdido su identidad jurídica a causa del procedimiento de *Securitization* y haberse convertido en *Securities* o Valores.

Luego de varios trámites procesales, el 7 de junio de 2022, la señora Grace Monge La Fosse (Sra. Monge) presentó un *Aviso al Tribunal Sobre Cesión de Crédito Litigioso en Pago a Acreedora Grace Monge La Fosse*.[6] Mediante dicha comparecencia, la Sra. Monge le informó al TPI que los Demandados le habían cedido el crédito litigioso del caso de autos para el pago de su crédito acumulado hasta el 20 de diciembre de 2021. Por su parte, el 2 de septiembre de 2022, PRIH LLC presentó una *Moción de Desestimación a la Reconvención*, mediante la cual alegó que aplicaba la doctrina de cosa juzgada[7] a la que se opusieron los Demandados.[8]

El 30 de agosto de 2023, compareció Phalanx e informó que había adquirido de PRIH LLC la deuda monetaria objeto del presente pleito.[9] Simultáneamente, presentó una *Moción de Sentencia Sumaria* para que el TPI ordene la ejecución de la hipoteca y la venta del inmueble conforme la ley.[10]

El 7 de septiembre de 2023, la Sra. Monge presentó una *Moción Sobre Ejercicio del Derecho de Retracto de Crédito Litigioso al Amparo del Nuevo Código Civil, 2020 que Recoge Nuevamente el Derecho de Retracto de Crédito Litigioso y Revoca lo Dispuesto en el Caso de DLJ v. Santiago, 2019 TSPR 129* (*Moción de Retracto*).[11] Mediante la *Moción de Retracto*, la Sra. Monge ejerció el derecho de retracto del crédito litigioso al amparo del Artículo 1220 del Código Civil de 2020, 31 LPRA sec. 9581, y solicitó "la información

---

[6] *Íd.*, Anejo VI, págs. 204-207.
[7] *Íd.*, Anejo VIII, págs. 209-823.
[8] *Íd.*, Anejo X, págs. 826-832.
[9] *Íd.*, Anejo XI, págs. 839-843.
[10] *Íd.*, Anejo XII, págs. 844-854.
[11] *Íd.*, Anejo XV, págs. 899-905.

correspondiente sobre el precio de compraventa del crédito litigioso de epígrafe con el propósito de pagarle dicho precio al cesionario previa comprobación del mismo, junto con las demás partidas que proceden pagar a tenor con el citado Artículo 1220".[12] Alegó que como adquirente del crédito litigioso de los Demandados y al amparo del referido Artículo del Código Civil de 2020, ella tenía derecho de retracto sobre la cesión de la deuda hipotecaria entre PRIH LLC y Phalanx.

Simultáneamente, presentó una *Moción para la Extensión del Término para Presentar Oposición y Contestación a la Solicitud de Sentencia Sumaria Hasta que [Culmine] el Procedimiento Sobre Retracto de Crédito Litigioso Efectuado y el Descubrimiento de Prueba Pertinente* (*Moción de Extensión*).[13] En dicha comparecencia, le solicitó al TPI que suspendiera el descubrimiento de prueba y resolución de la *Sentencia Sumaria* presentada por Phalanx hasta tanto se resolviera el retracto del crédito litigioso.

Así las cosas, el 22 de septiembre de 2023, el TPI emitió la *Resolución* de la cual se recurre y le concedió a la Sra. Monge lo que había solicitado en su *Moción de Retracto*. El 10 de octubre de 2023, Phalanx presentó infructuosamente una *Solicitud de Reconsideración*.

Inconforme con lo resuelto por el TPI, el 11 de diciembre de 2023, Phalanx presentó la *Petición de Certiorari* ante nuestra consideración. En esta, presentó los siguientes señalamientos de error:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR CON LUGAR LA SOLICITUD DE RETRACTO DE CRÉDITO LITIGIOSO DE LA PARTE RECURRIDA A PESAR DE LO DISPUESTO POR EL TRIBUNAL SUPREMO EN EL CASO *DLJ MORTGAGE CAPITAL, INC. V. SANTIAGO MARTÍNEZ*, 202 DPR 950 (2019) Y LAS DISPOSICIONES LEGALES APLICABLES.**

---

[12] *Íd.*, pág. 901.
[13] *Íd.*, Anejo XVI, págs. 906-911.

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DAR PASO A QUE UN TERCERO QUE NO ES PARTE EN EL PLEITO Y QUE HA SIDO SEPARADO DE LA PROFESIÓN LEGAL PRESENTE ALEGACIONES Y SOLICITUDES DE REMEDIO A FAVOR DE OTRA PARTE, PERMITIENDO ASÍ LA PRÁCTICA ILEGAL DE LA PROFESIÓN.**

Con la comparecencia de las partes, expedimos el auto de certiorari y procedemos a discutir el derecho aplicable.

**I.**

**A.**

El auto de certiorari es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de certiorari sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan

interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de certiorari, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Deberá evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de certiorari, no tiene que fundamentar su determinación. *Íd.*, R. 52.1.

**B.**

El retracto de crédito litigioso es el negocio jurídico que le permite a un deudor extinguir una obligación pagando el precio que el cesionario de su crédito pagó por este. *Consejo de Titulares v. C.R.U.V.*, 132 DPR 707 (1993); *DLJ Mortgage Capital, Inc. v. Santiago Martínez*, *supra*, págs. 958-959. Dicha figura está regulada en nuestro ordenamiento jurídico por el Artículo 1220 del Código Civil de 2020, *supra*, que dispone que:

> Si se cede un crédito litigioso, el deudor tiene derecho a extinguirlo mediante el reembolso al cesionario de lo que este haya pagado, de las costas ocasionadas y de los intereses del pago desde el día cuando se hizo.

> Se tiene por litigioso un crédito desde el momento cuando se contesta la demanda.
>
> El deudor puede invocar su derecho dentro del término de caducidad de treinta (30) días, contados desde que el cesionario le reclama el pago.

*Íd.*

Esta figura fue incorporada a nuestro ordenamiento con el propósito de: "(1) proteger a los deudores 'contra el hostigamiento desproporcionado e implacable de compradores profesionales de pleitos', es decir, protegerlos de la especulación de compradores de créditos, y (2) 'poner pronto fin a los litigios'". *DLJ Mortgage Capital, Inc. v. Santiago Martínez, supra,* pág. 959. (citando a J. Trías Monge, *El envejecimiento de los Códigos: El caso del retracto de crédito litigioso,* 64 (Núm. 3) Rev. Jur. UPR 449, 450 (1995)). El efecto práctico de este mecanismo es darle la "oportunidad a los deudores de saldar su deuda base del precio de la venta del crédito". M. García Cárdenas, *El nuevo derecho de: obligaciones y contratos: Código Civil 2020,* 1ª ed. rev., San Juan, MJ Editores, 2021, pág. 299.

La jurisprudencia ha desarrollado cuatro requisitos para determinar la validez de un crédito cedido. Estos son: (1) que el crédito sea transmisible; (2) que el crédito esté fundado en un título válido y eficaz; (3) que sea un crédito existente; y, (4) que este tenga su origen en una obligación válida y eficaz. *Consejo de Titulares v. C.R.U.V., supra,* pág. 723. A su vez, la cesión de un crédito litigioso requiere que se cumpla con dos requisitos: (1) la existencia de un crédito que se encuentre en litigio; y (2) que este haya sido cedido. *DLJ Mortgage Capital, Inc. v. Santiago Martínez, supra,* pág. 960.

"[L]os créditos siempre serán transmisibles, tal y como ya mencionamos, excepto que esté presente alguna de las tres (3) razones de incredibilidad: por haberse pactado, **por prohibición legal** o por la naturaleza personalísima del crédito". *Íd.* (Énfasis

nuestro). En cuanto a las prohibiciones legales, el Artículo 1221 del Código Civil de 2020, *supra,* dispone que:

> Se exceptúa de lo dispuesto en el artículo anterior la cesión hecha:
>
> (a) a un coheredero o condueño del derecho cedido;
>
> (b) a un acreedor en pago de su crédito; o
>
> (c) al poseedor de una finca sujeta al derecho litigioso que se cede.

En *DLJ Mortgage Capital, Inc. v. Santiago Martínez, supra*, el Tribunal Supremo tuvo la oportunidad de discutir el concepto y aplicación del retracto de crédito litigioso cuando el crédito cedido era un pagaré hipotecario. En aquella ocasión, el Tribunal determinó que:

> [D]e una lectura armoniosa de las disposiciones del Código Civil [de 1930] de Puerto Rico, de la Ley del Registro Inmobiliario del Estado Libre Asociado de Puerto Rico y de la Ley de Transacciones Comerciales, **se excluye la aplicación de la figura de retracto de crédito litigioso sobre cesiones de instrumentos negociables** al amparo de esta.

*Íd.*, pág. 953. (Énfasis nuestro).

Mediante jurisprudencia, el Tribunal Supremo excluyó del retracto de crédito litigioso la cesión de instrumentos negociables. Un "instrumento negociable", según la Ley de Transacciones Comerciales, Ley Núm. 208-1995, 19 LPRA sec. 401 *et seq.* (LTC), es "**una promesa** o una orden incondicional **de pago de una cantidad específica de dinero, con o sin intereses u otros cargos descritos en la promesa** u orden[...]". *Íd.,* Artículo 2-104(a). (Énfasis nuestro). La LTC define una "promesa" como "un compromiso escrito de pagar dinero suscrito por la persona que se obliga a pagar. El reconocimiento de una obligación por el deudor no es una promesa a menos que el deudor se comprometa a pagar la obligación". *Íd.*, Artículo 2-103(a)(9).

El Artículo 2-203 de la LTC, *supra,* regula lo pertinente a la cesión de instrumentos negociables. Esta dispone que la cesión del instrumento ocurre cuando "se entrega por una persona que no sea su emisor con el propósito de darle a la persona que lo recibe el derecho a exigir el cumplimiento del instrumento". *Íd.*, Artículo 2-203. A base de estas definiciones, el Tribunal Supremo concluyó que **"[u]n pagaré hipotecario es una 'promesa' [...]"** y, por lo tanto, un instrumento negociable. *DLJ Mortgage Capital, Inc. v. Santiago Martínez, supra*, pág. 963. (Énfasis nuestro). En la medida que la LTC, *supra*, es la ley especial que regula los pagarés hipotecarios, las disposiciones de nuestro Código Civil quedan desplazadas; sólo operarán de manera supletoria.

Ahora bien, el Artículo 1212 del Código Civil de 2020, *supra,* dispone que:

> En el caso de la cesión de un derecho litigioso, la acción que ejercita el cesionario es sin perjuicio de cualquier reclamación en contrario o de otro derecho existente al tiempo de notificarse la cesión, o antes; **pero esto no es aplicable a la cesión de un instrumento negociable, traspasado de buena fe y por valor, antes de su vencimiento**.

*Íd.* (Énfasis nuestro).

Esta última oración, a modo de excepción, autoriza la defensa de retracto de la cesión de crédito litigioso por parte del deudor frente al cesionario que no es un tenedor de buena fe cuando adquiere el instrumento negociable.

### C.

El 30 de mayo de 2019, el Tribunal Supremo de Puerto Rico separó de manera inmediata e indefinida a Grace Monge La Fosse de la práctica de la abogacía y notaría por conducta contraria al Canon 9 de Ética Profesional. *In re Monge La Fosse,* 202 DPR 594 (2019). En consecuencia, a la Sra. Monge se le prohibió representar clientes o postular como abogada ante los tribunales de Puerto Rico. No obstante, el 7 de septiembre de 2023, la Sra. Monge presentó dos

mociones a las que el TPI determinó Ha Lugar. Por lo tanto, debemos auscultar si dicha comparecencia e intervención por parte de la Sra. Monge era una permisible, según las reglas y leyes aplicables.

La Sra. Monge no es parte en este caso. Previo a su suspensión de la profesión, fue representante legal de los Demandados y posteriormente, adquirió el crédito litigioso de aquella parte en el caso de autos. Por lo tanto, su intervención se produce en calidad de cesionaria del crédito litigioso de los Demandados. ¿Tiene legitimación o capacidad para presentar escritos y comparecer en dichos procedimientos en qué calidad?

La Regla 22.3 de Procedimiento Civil, *supra*, R. 22.3, dispone que:

> En caso de cualquier cesión de interés, podrá continuarse el pleito por o contra la parte original a menos que el tribunal, previa solicitud al efecto, disponga que el cesionario o la cesionaria sea sustituido o sustituida en el pleito o acumulado o acumulada a la parte original. La solicitud será notificada conforme se dispone en la Regla 22.1.

*Íd.*

Sobre esta Regla, nos dice el tratadista Javier A. Echevarría Vargas que "cuando ocurre una cesión de interés, la sustitución es discrecional", por lo que podrá continuar el pleito con las partes originales. J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 3ª ed. rev., Colombia, Ed. Nomos S.A., 2023, pág. 217; *Teachers Annuity v. Sociedad de Gananciales*, 115 DPR140 (2000). Dicho de otra manera, aunque el cesionario no tiene que ser incorporado al pleito como parte, el tribunal lo podrá hacer a solicitud del cesionario. No procede la desestimación de la demanda por falta de parte indispensable. *Mun. de San Juan v. Bosque Real, S.E.*, 158 DPR 743, 759-760 (2003).

**III.**

Discutido el derecho aplicable, procedemos a resolver las controversias presentadas. En primer lugar, atenderemos el segundo error señalado, relacionado con la comparecencia de la Sra. Monge en los presentes procedimientos.

La Sra. Monge adquirió de los Demandados su crédito litigioso en el caso de autos. Al adquirir aquel crédito, la Sra. Monge se subrogó en la posición de parte reconveniente en contra de Phalanx. Al amparo de la Regla 22.3 de Procedimiento Civil, *supra*, ella puede comparecer en calidad de parte para defender sus derechos adquiridos, luego de la aprobación del tribunal. Este Tribunal confirma la sustitución de la Sra. Monge en calidad de reconveniente al reunir todos los requisitos para hacerlo. Reconocemos que, aunque la manera idónea para sustituir a una parte es mediante una moción informativa, devolverle el caso al TPI para que proceda a resolver la referida moción sería irrazonable y dilataría los procedimientos innecesariamente. En consecuencia, no se cometió el error.

Por otro lado, Phalanx ha señalado como error el que el TPI haya permitido que la Sra. Monge ejerza el derecho al retracto de crédito litigioso. Tras un análisis del derecho aplicable, resolvemos que se cometió el error.

Como resolvió el Tribunal Supremo en *DLJ Mortgage Capital, Inc. v. Santiago Martínez, supra*, a los instrumentos negociables no les aplica lo dispuesto por el Artículo 1220 del Código Civil de 2020. Siendo un pagaré hipotecario un instrumento negociable, no procede el retracto del crédito litigioso por parte de la Sra. Monge.

La Sra. Monge arguyó que la aprobación del Código Civil de 2020 revocó el caso de *DLJ Mortgage Capital, Inc.* No le asiste la razón. No surge del comentario del Código Civil de 2020 ni del texto del Código citado que este haya tenido la intención de revocar aquella determinación judicial. Al contrario, el lenguaje del Código

es compatible con la determinación judicial. Lo único que quedó modificado por el Código Civil de 2020 es que el Artículo 1212 del Código permite el retracto del crédito litigioso de un instrumento negociable cuando el cesionario haya actuado de mala fe. En el presente caso, la Sra. Monge no ha demostrado que Phalanx haya actuado de mala fe. Siendo norma sabida del derecho que la buena fe se presume en los negocios jurídicos, no podemos aplicar la excepción del Artículo 1212 a este caso.

En resumen, se permite la comparecencia de la Sra. Monge como parte al sustituir a los Demandados en sus capacidades de reconvenientes. Esta determinación no tiene el efecto de sustituir a los Demandados como parte demandada de la causa de acción instada por Phalanx. Por otro lado, al ser el pagaré hipotecario un instrumento negociable conforme la LTC, *supra,* no procede el retracto de crédito litigioso. Conforme la determinación del Tribunal Supremo en *DLJ Mortgage Capital, Inc. v. Santiago Martínez, supra,* y el Código Civil de 2020, procede la revocación de la *Resolución* por ser contraria al derecho vigente.

**IV.**

Por los fundamentos discutidos anteriormente, expedimos el auto de *Certiorari* y revocamos la *Resolución.* Devolvemos el caso al tribunal de instancia para que continúen los procedimientos conforme lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones